**Michael Fabiano CRIDER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70550.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2003.

Decided Aug. 6, 2003.

**730**

Before: CANBY, KLEINFELD, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Michael Fabiano Crider petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). Crider argues that the BIA erred in denying his claim that because he was a minor alien child adopted by U.S. citizen parents, he is either a citizen by birth pursuant to § 301 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1401, a derivative citizen pursuant to former INA § 320, 8 U.S.C. § 1431 (amended 2000), or a derivative citizen pursuant to former INA § 321, 8 U.S.C. § 1432 (repealed 2000). In addition, Crider argues that the BIA's interpretation of the INA violates his right to equal protection.[1]

We review de novo purely legal questions related to nationality. *See Hughes v. Ashcroft*, 255 F.3d 752, 757–58 (9th Cir. 2001). Although the BIA's interpretation of the INA is ordinarily subject to *Chevron* deference, such deference is not owed to the BIA's determinations regarding citizenship because the INA explicitly places the determination of nationality claims solely in the hands of the court of appeals. *See id.* Nevertheless, we agree with the BIA that none of the statutory provisions at issue apply to Crider.

Crider is not a citizen by birth pursuant to INA § 301. That section provides in relevant part:

> The following shall be nationals and citizens of the United States at birth:
> * * * *
> (c) a person born outside of the United States and its outlying possessions of parents both of whom are citizens of the United States and one of whom has had a residence in the United States or one of its outlying possessions, prior to the birth of such person; . . . .

8 U.S.C. § 1401(c). Crider contends that he qualifies under this provision because he was "born outside of the United States" and both of his (later-adopting) parents are citizens. But Crider clearly was not born outside the United States "*of* parents both of whom are citizens." *Id.* Crider was born of parents neither of whom were or are citizens of the United States. He could not have been a citizen "at birth." *Id.* at § 1401. There is no conceivable way to place him within the reach of § 301. *See INS v. Pangilinan*, 486 U.S. 875, 883–84, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988) (stating that citizenship provisions must be strictly construed).

Crider also does not qualify for derivative citizenship pursuant to former INA §§ 320 or 321, 8 U.S.C. §§ 1431–1432.[2] Both of those sections provide for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The government concedes that we have jurisdiction under 8 U.S.C. § 1252(b)(5)(A)

(Supp. V 1997) to consider Crider's claims relating to his derivative citizenship.

2. Section 320 was amended and § 321 was repealed by the Child Citizenship Act of 2000, but these two sections rather than the Act govern Crider's claim because he was over

alien children to acquire derivative citizenship under certain conditions when one or both of the child's parents become *naturalized* when the child is under eighteen years of age. No parent of Crider's has been naturalized; the sections simply do not apply to him.

Finally, Crider argues that, if the sections he invokes do not apply to him, then Congress's scheme violates equal protection because it treats the adopted alien children of subsequently-naturalized parents more favorably than the adopted alien children of U.S. citizen parents. Congress has provided for the acquisition of citizenship of alien children adopted before age sixteen by citizen parents, but it is not automatic; it requires the adoptive parents to apply for a certificate of citizenship on behalf of the child before the child reaches eighteen years of age. *See* 8 U.S.C. § 1433(a)(3). Crider's adoptive parents did not do so. Although Congress's scheme may operate harshly in some instances, we conclude that it does not violate the equal protection component of the Due Process Clause.

Congress' power to regulate the exclusion or admission of aliens is extremely broad, and therefore this Court's review is highly deferential. *See Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977). The government has presented a "facially legitimate and bona fide reason," *id.* at 794, for the distinction between the adopted alien children of subsequently-naturalized parents and the adopted alien children of U.S. citizen parents: Congress has an interest in requiring affirmative action on the part of adoptive parents to establish the adopted child's connection to the United States. *See Miller v. Albright,*

eighteen years of age when the Act became law. *See Barthelemy v. Ashcroft,* 329 F.3d 1062, 1064 n. 1 (9th Cir.2003).

523 U.S. 420, 440, 118 S.Ct. 1428, 140 L.Ed.2d 575 (1998) ("Congress obviously has a powerful interest in fostering ties with the child's citizen parent and the United States during his or her formative years ... Congress reasonably may demand that the child show sufficient ties to this country ... in order to be a citizen"). Congress could conclude that naturalization is a sufficiently affirmative act, the implications of which are likely to become apparent to the child, and that adoptive citizen parents and their child would have no comparable affirmative act without the requirement that the parents apply for a certificate of citizenship for the child. The latter requirement is not a burdensome one. Because the government has met its minimal burden of showing a rational ground for the difference in treatment, we reject Crider's equal protection claim.[3]

The petition for review is **DENIED.**

**3.** Our disposition makes it unnecessary to address the government's other arguments against the equal protection claim.